## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IN THE MATTER OF THE
SEIZURE OF ALL FUNDS UP TO
██████ HELD IN A PNC BANK
ACCOUNT ENDING IN ███ IN
THE NAME OF ████████████

Case No. 24-MJ-35-N

### AFFIDAVIT IN SUPPORT OF
### APPLICATION FOR SEIZURE WARRANT

I, Justin Lowrance, Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, states as follows:

### INTRODUCTION

1.      I am a Special Agent with the FBI and have been so employed since March 2011. I am currently assigned to the White-Collar Unit within the Mobile Field Office. I have been in this position since April 2021.  Prior to that, I was an FBI Special Agent in Oklahoma, an FBI Supervisory Special Agent in South Dakota, and before joining the FBI, a police officer in Indiana.  My current duties include investigating violations of federal law, including both healthcare fraud and financial crimes.  I have received training on obtaining and reviewing electronic records, including bank records, and I routinely do so as part of my investigations. As an FBI Special Agent, I am authorized to investigate violations of federal law, and I am authorized to execute seizure warrants issued by federal courts.

2.      I make this affidavit in support of an application for a warrant to seize the contents of the following bank account:

      a.   PNC Bank account number ██████████ held in the name of ████████ ██████████ up to the amount of ██████████ (hereinafter "**TARGET ACCOUNT**");

3.      Based on the facts set forth in this affidavit, there is probable cause to believe that individuals discussed below have been committing wire fraud, in violation of Title 18, United States Code, Section 1343.  In addition, there is probable cause to believe that funds up to ██████████ in **TARGET ACCOUNT** are derived from proceeds traceable to these offenses.  Accordingly, these funds are subject to criminal and civil forfeiture for the reasons explained below.

4.      This affidavit is submitted for the limited purposed of securing a seizure warrant for the funds identified in Attachment A.  Accordingly, I have not set forth all facts known to me concerning this investigation.   I have personal knowledge of the information contained in this affidavit based on my direct involvement in this investigation, reviews of financial records, and interviews conducted with individuals and victims associated with the wire fraud scheme set out below.

### PROPERTY TO BE SEIZED

5.      This application is presented in support of a seizure warrant for the following property:

██████████████████████████████████████

## GROUNDS FOR SEIZURE AND FORFEITURE

6.     The funds in **TARGET ACCOUNT** are subject to seizure and forfeiture, because they constitute, or are traceable to, proceeds of a wire fraud scheme set out below.     Accordingly, these funds are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C), and criminal forfeiture under 18 U.S.C. § 981(a)(2)(A) and 28 U.S.C. § 2461.

7.     Since these funds are subject to forfeiture, they are also subject to seizure under both the civil seizure statute, 18 U.S.C. § 981(b), as well as the criminal seizure statutes, 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

8.     Despite the fact that PNC Bank is headquartered in the Western District of Pennsylvania, this Court has authority to issue this seizure warrant.  *See* 18 U.S.C. § 981(b)(3) (civil authority); 21 U.S.C. § 853(l) (criminal authority).

9.     In this case, a restraining order pursuant to 21 U.S.C. § 853(f) would not be sufficient to assure the availability of the proceeds for forfeiture, because there is a substantial risk that the illegal proceeds contained in the accounts will be withdrawn, dissipated, or otherwise made unavailable.

## FACTS SUPPORTING SEIZURE WARRANT





5

## BACKGROUND ON INTERNET SCAMS

22.     In May 2000, the FBI established an Internet Crime Complaint Center, commonly referred to as IC3, to receive complaints crossing the spectrum of cyber matters, to include online fraud in its many forms. The complaints received by IC3 range from Intellectual Property Rights matters, Computer Intrusions (Hacking), Economic Espionage, Online Extortion, International Money Laundering, Identity Theft, and a growing list of Internet facilitated crimes.

23.     IC3 has received over seven million complaints since its inception in 2000. In 2022, IC3 received an average of 2,175 complaints *every day*. The victims of these complaints lost a combined total of approximately $10.3 billion. More specifically, confidence/romance[1] scams resulted in a loss of $735,882,192 from 19,021 complainants. It's worth noting, these figures only tabulate the losses from complainants who reported their crimes through IC3. It is unknown the amount of crimes, and losses, that go unreported.

---

[1]     The FBI defines a confidence/romance fraud as an individual who believes they are in a relationship (family, friendly, or romantic) and are tricked into sending money, personal and financial information, or items of value to the perpetrator or to launder money or items to assist the perpetrator. This includes the Grandparent's Scheme and any scheme in which the perpetrator preys on the complainant's "heartstrings."

6

## CONCLUSION

24.     For all of the reasons stated herein, there is probable cause for this Court
to find that the crime of wire fraud is occurring, and that up to $         in the
**TARGET ACCOUNT** are proceeds of these offenses subject to seizure.

25.     Based on the foregoing, I request that the Court issue the two proposed
seizure warrants pursuant to Federal Rule of Criminal Procedure 41.

26.     Finally, for forfeiture purposes, I request that the seizure warrant explicitly
state that the check for the seized amounts be payable to the United States Marshal
Service.

Respectfully submitted,

Justin Lowrance
Special Agent
Federal Bureau of Investigation

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(A) THIS _30th_
DAY OF JANUARY, 2024.

KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

Certified to be a true and
correct copy of the original.
Christopher Ekman
U.S. District Court Southern
District of Alabama
By: _Shannon Davison_
Deputy Clerk
Date: January 30, 2024

7

# ATTACHMENT A

## Property to Be Seized

8